UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CARLOS BURROWS,

    Petitioner,

v.

FRANCISCO QUINTANA, Warden

    Respondent.

Civil Action No. 5:17-046-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Carlos Burrows has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 1]. This matter is before the Court to conduct an initial screening of Burrows's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Burrows's claim cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

**I**

In February 2002, Burrows pled guilty in the United States District Court for the Central District of Illinois to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court found that Burrows was a career-offender under U.S.S.G. § 4B1.1 based on his four prior burglary convictions in Illinois and sentenced him to a term of imprisonment of 210 months. He did not file a direct appeal, but his subsequent petitions for habeas relief pursuant to 28 U.S.C. § 2255 and § 2241 have been denied. *United States v. Burrows*, No. 2:01-cr-20084-MPM-1 (C.D. Ill. 2001).

Burrows has now filed the instant petition pursuant to 28 U.S.C. § 2241, arguing that he is entitled to relief from his career-offender sentence because his prior convictions for burglary in

Illinois no longer qualify as "crimes of violence" pursuant to *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2143 (1990) and *Mathis v. United States*, __ U. S. __, 136 S.Ct. 2243 (2016). Burrows invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition. However, because Burrows may not bring this claim in a § 2241 petition, his petition will be denied.

**II**

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners

cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 319.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Burrows's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Burrows challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing

that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

To be sure, Burrows was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under § 2255. However, turning to the third requirement, Burrows relies upon the Supreme Court's decisions in *Descamps* and *Mathis*. In *Mathis*, the Supreme Court added clarity to its holding in *Descamps* by reiterating that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. However, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. For retroactivity purposes, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(citations omitted)(emphasis in original). Adherence to this rule is particularly important in habeas cases as "[h]abeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review." *Id*. at 306 (quoting *Mackey v. United States*, 401 U.S. 667, 682 (1971)(Harlan, J., opinion concurring in judgments in part and dissenting in part)(emphasis in original).

The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017)

4

(holding that the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court). Therefore, because *Mathis* did not announce a new rule, nor has it been held to be retroactive by the Supreme Court, Burrows may not rely upon it to satisfy the third requirement of *Hill*.

Because Burrows fails to satisfy the threshold requirements of *Hill*, his claim falls outside the decidedly narrow exception set forth in *Hill*. Accordingly, his sentencing claim does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. His petition must, therefore, be denied.

Accordingly, **IT IS ORDERED** that:

1. Burrows's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated March 26, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY